## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LAURA M. KYSTAD,
**Conservator for the Estate
of CT, a minor,**

        Plaintiff,        CIVIL ACTION NO. 07-CV-12365-DT

   vs.

                             DISTRICT JUDGE JULIAN ABELE COOK, JR.

**UNUM LIFE INSURANCE
CO. OF AMERICA,**             MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendant.
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:** Plaintiff's Motion for Remand of Proceedings filed on June 29, 2007 (docket no. 6) should be **DENIED**.

**II.**    **REPORT**:

    *A.*    *Procedural History, Facts, and Claims*

This matter comes before the Court on Plaintiff's Motion for Remand of Proceedings. (Docket no. 6). Defendant has responded to the Motion. (Docket no. 11). Plaintiff has filed a Reply brief. (Docket no. 18). The matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)((B). (Docket no. 12). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). Plaintiff's Motion is therefore now ready for ruling.

Defendant removed this action from the Wayne County Probate Court. (Docket no. 1). Plaintiff is the Conservator for the estate of CT, a minor, appointed by that court. On or about May 15, 2007 Plaintiff served on Defendant an Amended Petition to Compel Return of Funds and Notice of Hearing. (*Id.*). Defendant filed its Notice of Removal in this Court on June 1, 2007. (*Id.*).

Plaintiff alleges in the Amended Petition that Mary, CT's mother, was appointed as the Conservator of his estate on or about November 1, 2006 by the Wayne County Probate Court. (*Id.* at 5). However, Mary failed to file a surety bond as directed and therefore neither qualified as Conservator nor received Letters of Authority as Conservator. (*Id.*). It was after this default that Plaintiff qualified as Conservator on or about January 29, 2007. Plaintiff further alleges that Defendant possessed approximately $19,000.00 due CT which represented the proceeds from a life insurance policy covering CT's father through his employment and of which CT was the named beneficiary. However, Mary allegedly represented herself as the Conservator causing Defendant to change the title of the account holding the life insurance proceeds from CT's name as a minor, to Mary's name as Conservator of CT, a minor, on or about November 14, 2006. The funds in the account have now been depleted. Plaintiff alleges in the Amended Petition that Defendant "negligently released" the funds to Mary because she never qualified as the Conservator. Plaintiff requests that the court order Defendant to repay the funds to CT's estate. (*Id.* at 6).

Defendant removed the proceeding from the state court based on its theory that Plaintiff is seeking payment of benefits under an ERISA regulated policy and must assert her claim under 29 U.S.C. § 1132 which preempts and displaces all state law causes of action. (Docket no. 1 at 3). Defendant further alleges that this Court has original jurisdiction under 29 U.S.C. § 1132 and 28 U.S.C. § 1331, and that the action is one that may be removed to federal court. (*Id.*).

Plaintiff moves to remand this proceeding to the probate court on her theory that ERISA and specifically section 1132 do not apply because the life insurance proceeds were paid prior to commencement of the Amended Petition to Compel Return of Funds. (Docket no. 6 at 3). Once the proceeds were paid, Plaintiff further argues, under Michigan law the probate court has exclusive legal

and equitable jurisdiction of this proceeding.  (*Id.* at 4).  Plaintiff therefore requests that this action be remanded to probate court and that all proceedings in this action be stayed.[1]  (*Id.* at 4).

   B.   *Governing Law*

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to the federal district court embracing the place where the action is pending.  28 U.S.C. § 1441(a).  District courts have original jurisdiction over "federal question" cases; that is, those cases "arising under the Constitution, laws or treaties of the United States."  28 U.S.C. § 1331.  A state action that is pre-empted by ERISA and that also comes within the scope of § 502(a)(1)(B) of ERISA is removable to federal court under 28 U.S.C. § 1441.  *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 67 (1987).  Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), provides a remedy for beneficiaries to recover benefits due under the terms of a plan, to enforce rights under a plan, or to clarify rights to future benefits under a plan.

   C.   *Analysis*

The question in this case is whether Plaintiff's Amended Petition is an attempt by a beneficiary "to recover benefits" due to him under the plan.  29 U.S.C. § 1132(a)(1)(B).  If it is such an attempt, ERISA controls, the case was properly removed, and Plaintiff's Motion to Remand should be denied.

There is no dispute that the life insurance policy covering CT's father is an employee benefit plan as defined in ERISA.  This policy was entered into between Defendant, the insurer, and the former employer of CT's father.  Plaintiff by the Amended Petition seeks to have Defendant pay the policy amount plus interest to CT's estate.  This proceeding would therefore on its face appear to be an attempt to recover benefits under section 1132.  Plaintiff argues that it is not, reasoning that Defendant

---

[1] Plaintiff filed a separate Motion to Stay Proceedings which is addressed by separate Order.  (Docket no. 7).

properly distributed the funds to the named beneficiary pursuant to ERISA and that thereafter state law controls. (Docket no. 6 at 33). She relies upon *Sweebe v. Sweebe*, 712 N.W.2d 708 (Mich. 2006), in which the issue was whether "plaintiff, having lawfully renounced her interest in the insurance proceeds in a binding judgment of divorce, may lawfully retain them." (*Id.* at 711). The court found that "[t]his issue is governed exclusively by Michigan law because the proceeds have been properly distributed under ERISA." (*Id.*). In that case the life insurance proceeds were paid to the decedent's former wife because after his divorce he did not change his named beneficiary under the policy. His surviving spouse filed a motion to enforce the waiver in the judgment of divorce by which the former wife had waived her interest in any insurance contract or policy of her husband. The court found that the former wife had waived her right to the proceeds.

Plaintiff's attempt to come within the bounds of *Sweebe* causes her to argue in this Court that Defendant "properly distributed" the policy proceeds. (Docket no. 6 at 33). Yet, Plaintiff's Amended Petition is based on the theory that Defendant negligently released the funds to CT's mother because she never qualified as the Conservator. Plaintiff's attempt to have Defendant, rather than CT"s mother, repay the amount of the policy proceeds confirms that the basis of Plaintiff's claim is that Defendant is at fault by improperly paying the claim. Therefore, the Court rejects Plaintiff's attempt to restate her claim by arguing that the policy proceeds were properly distributed by Defendant. *Sweebe*.is therefore distinguishable because the propriety of the distribution of proceeds is at issue in this proceeding and because the plan's insurer is the Defendant rather than CT's mother.

Plaintiff by her Amended Petition is seeking to recover benefits under the plan. She has named the insurer of the plan as the Defendant. Courts have held that similar actions by beneficiaries fall within the purview of 29 U.S.C. § 1132(a)(1)(B). In *Brown v. United Parcel Serv.*, 2000 WL 1701739 (5th Cir. Oct. 31, 2000), the plaintiff claimed in her original complaint that "UPS improperly paid out her

-4-

share of benefits under the plan and demanded that UPS immediately pay the benefits to which she is entitled." *Brown*, slip copy at *1 n.1. The court found that the plaintiff's original claim "was completely preempted, rendering removal appropriate." (*Id.*). Also, in *Czarski v. Bonk*, 1997 WL 535773 (6th Cir. Aug. 28, 1997), the court found that removal was proper based on ERISA preemption in an action in which the personal representative of the decedent brought suit against the former spouse of the decedent to determine the rights of the parties in property of the deceased which included ERISA-covered assets. Therefore, whether the property or funds at issue have been distributed or not before suit is filed, ERISA completely preempts claims attempting to recover benefits due under the plan or to clarify rights to future benefits under the plan.

Plaintiff's claim in the Amended Petition is completely preempted by 29 U.S.C. § 1132(a)(1)(B) and was removable pursuant to 28 U.S.C. § 1441. Plaintiff's Motion to Remand should therefore be denied.[2]

### III. <u>NOTICE TO PARTIES REGARDING OBJECTIONS:</u>

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401

---

[2] The Court finds that Plaintiff's Motion to Remand is not based upon any procedural irregularity in the removal such as its timeliness.

(6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: September 25, 2007

s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Laura M. Kystad and Counsel of Record on this date.

Date: September 25, 2007

s/ Lisa C. Bartlett
Courtroom Deputy