UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAURA M. KYSTAD, Conservator for the Estate of
CT, a minor,
                Plaintiff,
v.

UNUM LIFE INSURANCE CO. OF AMERICA,
                Defendant.

Case number 07-12365

Honorable Julian Abele Cook, Jr.

## ORDER

This case involves, among other things, a dispute over whether the disbursement of life insurance proceeds to the estate of a minor child falls within the rubric of the Employment Retirement Insurance Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001 et seq. Here, the Plaintiff, Laura M. Kystad, who contends that she is now the conservator of CT's estate, has accused Mary LNU[1] of having received approximately $19,000 from the Defendant, Unum Life Insurance Company ("Unum Life"), without having acquired any legal authority from the Wayne County (Michigan) Probate Court to act on behalf of her minor child's estate. She complains that Unum Life "negligently released" the monies to Mary LNU who was neither recognized nor qualified by the state court to serve as the conservator of CT's estate. This case was removed by Unum Life from the state court on the theory that Kystad, in advancing a claim for the payment of benefits under an ERISA regulated policy, has invoked the original

---

[1]The "LNU" designation, which follows the first name of Mary (the minor child's mother), is an indication that her last name is currently unknown to the Court. Moreover, the full name of CT, the minor child who is the beneficiary of his father's life insurance policy, is also unknown to the Court. Although a full disclosure of the identities of Mary LNU and CT are desirable, neither name is necessary in order for the Court to fully address and resolve the issues in this case.

jurisdiction of the Court under 29 U.S.C. § 1132 and 28 U.S.C. § 1331 which, in turn, preempts and displaces all state law causes of action.

I.

On June 29, 2007, Kystad filed a formal request in the form of a motion, in which she sought to obtain a remand of these proceedings to the Wayne County (Michigan) Probate Court, contending that the removal action by Unum Life was legally improper. She argues that 29 U.S.C. § 1132 is not applicable to this controversy because, in her judgment, the challenged life insurance proceeds were paid prior to the filing of her "Amended Petition to Compel Return of Funds" in the Wayne County Probate Court. Thus, it is her belief that after the proceeds from the life insurance policy were paid by Unum Life, the state court has exclusive legal and equitable jurisdiction over this probate matter under Michigan law. Thereafter, this matter was referred to Magistrate Judge Mona K. Majzoub pursuant to 28 U.S.C. § 636(b)(1)(B) for her report and recommendation. On September 25, 2007, Magistrate Judge Majzoub filed a written report, in which she recommended that Kystad's motion for remand of proceedings be rejected. Neither Kystad nor Unum Life have filed objections to her report as of this date.[2]

II.

According to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to the federal district court where the action is pending. 28 U.S.C. § 1441(a). District courts have original jurisdiction over those cases that arise "under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. The state court actions that are preempted by ERISA and

---

[2]Objections to a magistrate judge's report and recommendation must be filed within ten (10) days of service. 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).

fall within the scope of § 502(a)(1)(B) of ERISA are removable to a federal court under 28 U.S.C. § 1441. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 67 (1987). Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), provides a remedy for beneficiaries to (1) recover the benefits that are due under the terms of a plan, (2) enforce rights under a plan, or (3) clarify all rights to future benefits under a plan.

III.

Here, the Court must attempt to determine if Kystad's "Amended Petition" is, in reality, an effort by a beneficiary "to recover benefits" under a covered plan. 29 U.S.C. § 1132(a)(1)(B). If the evidence suggests that this document represents such an attempt, case law indicates that Unum Life's removal petition was properly executed in accordance with existing law which would warrant a denial of Kystad's motion to remand. There is no dispute among the several participants in this dispute that the life insurance policy which covered CT's now-deceased father is an employee benefit plan, as defined in ERISA. This policy was agreed upon by the insurer, Unum Life, and the employer of CT's father.

Kystad, through her "Amended Petition," seeks to have Unum Life pay the policy amount plus interest to CT's estate. Kystad, relying upon *Sweebe v. Sweebe,* 712 N.W.2d 708 (Mich. 2006), argues that Unum Life distributed the funds to the named beneficiary pursuant to ERISA which invokes the application and control of state law. In *Sweebe*, the issue was whether the "plaintiff, having lawfully renounced her interest in the insurance proceeds in a binding judgment of divorce, may lawfully retain them." The court found that "[t]his issue is governed exclusively by Michigan law because the proceeds have been properly distributed under ERISA." The attempt by Kystad, in relying upon the rationale of *Sweebe,* has caused her to argue to this Court that Unum Life "properly distributed" the policy proceeds. Yet, Kystad's

"Amended Petition" is based upon the theory that Unum Life had "negligently released" the funds to CT's mother who never qualified as the conservator of the minor's estate. The Court rejects such an effort by Kystad to restate her claim with an argument that the policy proceeds were properly distributed by Unum Life. Thus, *Sweebe* is distinguishable because (1) the propriety of the distribution of proceeds is at issue in this proceeding and (2) the plan's insurer is Unum Life - not CT's mother.

Kystad is seeking to recover benefits under the plan in her Amended Petition. She has identified the insurer of the plan as Unum Life. Courts have held that similar actions by beneficiaries fall within the purview of 29 U.S.C. § 1132(a)(1)(B). *See, e.g., Brown v. United Parcel Serv.,* 2000 WL 1701739 (5th Cir. Oct. 31, 2000). Thus, Kystad's claim in the Amended Petition is completely preempted by 29 U.S.C. § 1132(a)(1)(B) and was removable pursuant to 28 U.S.C. § 1441.

IV.

Following its review of the official record in this case, the Court is satisfied with the magistrate judge's recommendation to deny Kystad's motion to remand these proceedings to the state court. Hence, and for the reasons that have been stated above, the Court will, and does, (1) adopt in full the recommendation of the magistrate judge, (2) deny Kystad's motion to remand, (3) conclude that the Court has jurisdiction of this case, and (4) direct both parties to appear for a status conference regarding this matter on **JANUARY 14, 2008 AT 9:30 A.M.**

S0 ORDERED.

Date: <u>November 26, 2007</u>　　　　　　　　　　　　　　　<u>s/ Julian Abele Cook, Jr.</u>
　　　　　　　　　　　　　　　　　　　　　　　　　　　U.S. DISTRICT COURT JUDGE

Certificate of Service

      I hereby certify that on November 26, 2007, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                                            s/ Kay Alford
                                                            Courtroom Deputy Clerk